*Lorenzo v. Vermont Department of Taxes*, No. 213-3-14 Wncv (Teachout, J., February 4, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

**SUPERIOR COURT**                                             **CIVIL DIVISION**
**Washington Unit**                                              **Docket No. 213-3-14 Wncv**

**SOL LORENZO,**
     **Appellant**

     **v.**

**VERMONT DEPARTMENT OF TAXES,**
     **Appellee**

## DECISION ON APPEAL

Taxpayer Sol Lorenzo filed a part-year resident Vermont income tax return for 2006, a full-year resident Vermont return for 2007, and no Vermont return for 2008. The Department of Taxes inquired, rejected his explanation that in 2008 he was domiciled in Florida, not Vermont, and assessed a deficiency based on his 2008 federal return. The Department accepts that he was not domiciled in Vermont in 2009 or thereafter.

Mr. Lorenzo appealed to the Commissioner of Taxes pro se, claiming that his domicile in 2008 was in Florida and not in Vermont. Otherwise, the amount of the assessment is not at issue. After a hearing, the Commissioner approved the hearing officer's determination that Mr. Lorenzo was domiciled in Vermont in 2008 and therefore liable for the Vermont income tax. On appeal from the Commissioner's Decision, Mr. Lorenzo now argues through counsel that the Commissioner improperly assigned the burden of proof to him and that, in any event, the evidence presented shows that he was domiciled in Florida, not Vermont, in 2008.

The issue of burden of proof on the issue of domicile was apparently not the subject of focus at the administrative hearing. The hearing officer addressed the matter as follows: "Taxpayer bears the burden of proof in this case. 'It is the taxpayer's burden to show that the [Department's] assessment is erroneous, and that showing must be clear and convincing.' *Travia's, Inc. v. State, Dept. of Taxes*, 2013 VT 62, ¶ 12 (citations omitted)." The quoted portion of *Travia's*, however, describes the *standard of judicial review* applicable to the Commissioner on an appeal after an evidentiary, administrative hearing establishing the assessment. It does not describe the burden of proof at the administrative hearing.

The disputed issue at the administrative hearing was Mr. Lorenzo's domicile. Either the Department or Mr. Lorenzo had the burden of proving domicile, the disputed factual issue. In their briefs to this Court, the parties each argue that a different burden of proof applied at the administrative hearing. This is the fundamental issue that must be addressed first.

The burden of proof at the hearing is controlled by § 5 of the Department's domicile regulation, Regulation § 1.5811(11)(A)(i) (Domicile Regulation):

(a)  The party claiming domicile, or a change of domicile, shall carry the burden of proof.

(b)  The evidence required to establish both a change of residence and the intention to effect a change of domicile must be clear and convincing.  The intent to change a domicile must be manifested by unequivocal acts.

(c)  A person's course of conduct is accorded more weight than self-serving declarations of domicile.

(d)  An individual trying to establish Vermont as his or her domicile shall be subject to the same burden of proof as an individual claiming to have abandoned Vermont as his or her domicile.[1]

Under § 5, the ordinary preponderance standard applies to the mere proof of domicile.  Proof of intent to change domicile or of abandonment of domicile requires clear and convincing evidence.  Domicile Regulation § 5(b), (d). As the court explained in *DeLuca v. Department of Taxes*, the higher standard applicable to a change in domicile "acts to enforce the ordinary expectation that one's most recent domicile remains one's current domicile." *DeLuca v. Department of Taxes*, No. 765-12-05 Wncv, 2006 WL 4911333 (Vt. Super. Ct. Aug. 16, 2006) (Toor, J.), aff'd No. 2006-397, 2007 WL 5313339 (Vt. Apr. 2007) (unpub. mem.).

The record shows that at times relevant to this case Mr. Lorenzo owned residential properties in Florida, New York, Pennsylvania, and Vermont, and to some extent used residences in different places at his convenience.  In other words, proof of domicile was unlikely to be straightforward.

At the hearing, the Department did not take a position on where Mr. Lorenzo was domiciled before Vermont, but essentially took the position that Mr. Lorenzo became domiciled in Vermont sometime in either 2006 or 2007 and highlighted circumstances that support the inference that his Vermont domicile continued through 2008, specifically that he did not change his driver's license from Vermont in 2008 and voted in the federal presidential election in 2008 in Vermont.  Mr. Lorenzo took the position that he was *never* domiciled in Vermont and was always domiciled in Florida (at least for many years prior to 2008), and highlighted the fact that he and his wife moved to a newly acquired property in Florida early in 2008 where he lived throughout the year.

The record does not show that for any year prior to 2008 Mr. Lorenzo was taxed in Vermont on the basis of domicile as opposed to residency.  Neither party attempted to prove a new domicile in 2008 in relation to a former domicile.  Thus this case does not present a change-of-domicile question, and the high 'clear and convincing' standard of proof does not apply.  As the *DeLuca* Court pointed out, such an analysis "would require comparison of a taxpayer's

---

[1] At this point the Department's counsel plainly is aware of the Domicile Regulation and its provisions on the burden of proof.  See the Department's post-hearing memorandum (discussing the Domicile Regulation and the burden of proof).  However, the hearing officer neither cited nor discussed the Domicile Regulation or its provisions on the burden of proof.

contacts in the former domicile (which would presumably be substantial) with contacts in the new domicile." *DeLuca*, 2007 WL 5313339, *2. It is the comparison between those competing locations that would frame the evidence and allow the finder of fact to sensibly apply the higher burden of proof, as appropriate, in Domicile Regulation § 5(b).

In this case, the Department claims that Mr. Lorenzo's 2008 domicile was Vermont, but the record does not show that domicile had been established for 2007. Therefore, under Domicile Regulation § 5(a), the Department had the burden of proof (by a preponderance of the evidence) on that issue. The hearing officer erred by placing the burden on Mr. Lorenzo to *disprove* by *clear and convincing* evidence the Department's assertion of domicile.

The court is unable to conclude that this error on the part of the hearing officer is harmless. The evidence in this case included a large number of facts and circumstances, such as those described above, some of which favored domicile and some of which did not. As a further example, Mr. Lorenzo testified that he lived in Florida for the entirety of 2008, that he travels a lot, and that while he received mail at the Vermont address this was so that his son, who comes to the Vermont house each weekend, could fax or otherwise forward it to him. The hearing officer neither discredited this testimony nor accounted for it in the analysis of domicile.

In a case such as this, in which there is a significant body of conflicting evidence and the hearing officer was required to consider that evidence in relation to a number of statutory factors applicable to a determination of domicile, the placement of the correct burden of proof on the proper party can have a significant effect on the analysis and thus the outcome. Considering the record as a whole, the court concludes that the use of the incorrect burden of proof likely had a material—and likely dispositive—influence on the outcome. Imposing it incorrectly on Mr. Lorenzo was not harmless.

## ORDER

For the foregoing reasons: the Commissioner's determination is *vacated* and this case is *remanded* for a new hearing at which the Department bears the burden of proof to show domicile in 2008 by a preponderance of the evidence.

Dated at Montpelier, Vermont this _____ day of February, 2015.

_____
Mary Miles Teachout
Superior Judge

3